IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT JENKINS,[1] | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1423 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate in custody of the Harris County Jail, filed this *pro se* habeas petition challenging his continued custody pursuant to a "blue warrant" for parole revocation proceedings.[2] He asserts that, because his blue warrant charges him with a "technical" parole violation, he can be held in county jail only for a maximum of 180 days under state law. He complains that he has been in county jail for over 200 days, in violation of state law.

Petitioner must exhaust his habeas claim through the state courts prior to seeking federal habeas relief. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (holding that to have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his federal constitutional claims to the state courts); *see also Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Because petitioner did not allege in his petition that he

---

[1] Petitioner is also known as A B Jenkins, III, Albert Jenkins, III, Albert B Jenkins, III, and Abdul Hakim Ahmad.

[2] A "blue warrant" is an arrest warrant issued when a parolee is suspected of violating the conditions of his parole. TEX. GOV'T CODE § 508.252.

exhausted his state court remedies, the Court ordered petitioner to show cause, by June 1, 2010, why the petition should not be dismissed for his failure to exhaust his habeas claims through the state courts prior to filing this federal lawsuit. To-date, petitioner has failed to comply with the Court's order.

Regardless, by raising only a claim for violation of state law, petitioner fails to present a cognizable ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented). Accordingly, no viable grounds for federal habeas relief are raised in the instant petition.

The petition is DISMISSED WITH PREJUDICE for failure to state a cognizable federal habeas claim. Any and all pending motions are DENIED AS MOOT. A certificate for appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on June 14, 2010.

_____
Gray H. Miller
United States District Judge